IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| STEVEN SMITH | § | |
| VS. | § | CIVIL ACTION NO. 1:11cv747 |
| POLK COUNTY DISTRICT CLERK, ET AL. | § | |

## MEMORANDUM ORDER REGARDING TRANSFER

Plaintiff Steven Smith, an inmate confined at the Bradshaw State Jail in Henderson, Texas, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against the Polk County District Clerk and the Polk County District Court.

The above-styled action was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636 (b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrates.

## Analysis

Plaintiff complains that the Clerk and Court have denied his motions asking for access to research his criminal history. Plaintiff claims this is unconstitutional and constitutes "cruel and unjust punishment."

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose.

The claims which form the basis of plaintiff's complaint occurred in Polk County. Pursuant to 28 U.S.C. § 124, Polk County is located in the Eastern District of Texas. As a result, venue is proper in the Eastern District of Texas.

However, while Polk County is in the Eastern District of Texas, it is in the Lufkin Division of such district, rather than the Beaumont Division. When a case is filed in the wrong district or division, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634 (5th Cir. 1994) (remanding the case to the Houston Division of the United States District Court for the Southern District of Texas, with instructions that the case be transferred to the McAllen Division of the United States District Court for the Southern District of Texas pursuant to Section 1406(a)).

Accordingly, this case should be transferred to the Lufkin Division of this court. A Transfer Order shall be entered in accordance with this Memorandum Opinion.

**SIGNED** this   2   day of           March           , 2012.

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE